Connor *v.* Horn & Hardart Baking Co., Appellant.

Argued October 18, 1927.

Before PORTER, P. J., HENDERSON, TREX-LER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Samuel A. Goldberg,* of *Wolf, Block, Schorr, Solis-Cohen,* for appellant.

*Edgar W. Lank,* for appellee.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff was authorized by the defendant to act as its agent in procuring leases for certain business tenements owned by it in the City of Philadelphia, and to collect the rent thereon. Pursuant to this authority, he procured tenants or secured renewal leases for several premises at advanced rents, between

January 1, 1923, and February 1, 1924, for terms of various length, which leases were examined and approved by the defendant. Each of the leases contained the provision that in consideration of the plaintiff's services in securing the execution of the lease, the owner authorized the agent to collect the rent due, or to become due thereunder, during the continuance of the term, and of any renewal thereof, and to deduct and retain 3% of said collections each month, and for this purpose to retain the lease in his possession during the said period. The owner however reserved the right to cancel this authority and retake possession of the lease provided that as a condition of such action on his part he should pay to the agent a sum equal to $2\frac{1}{2}\%$ of the rentals which would thereafter be due under the terms of the lease or of any renewal therof. Pursuant to this authority, the plaintiff collected rents on the demised premises up to and including April, 1924, in the latter part of which month the defendant elected to terminate the agency. The action was brought to recover the commission at $2\frac{1}{2}\%$ on the remainder of rent due on the said leases for the respective terms granted therein as provided for in paragraph 25 of the leases containing the authorization to the defendant to discontinue the agency. The defendant denied that the discharge of the plaintiff was made under the authority referred to and alleged that he was discharged because of a failure to perform his duty with diligence, and because he used some of the money collected in speculation or in his own business. The case was submitted to the jury on the inquiry whether the plaintiff had used on his own account any of the rent collected, or had made default in the faithful performance of his duty as an agent, with the instruction that if he had so done, he was not entitled to recover, but that if he was discharged under the provisions of section 25 of the respective leases, or

discharged without other justifiable reason, he would be entitled to a verdict for the amount of the commissions payable to him under the terms of the leases at 2½% for the unexpired term thereof. The jury found in favor of the plaintiff both with respect to the defendant's allegation of the use of money and the charge of unfaithfulness in the performance of his duty. The only witness who testified in support of the charge that the plaintiff had used the defendant's money in his business was the defendant's secretary and treasurer, Mr. Kane, who said that at a time not definitely stated, but which the witness thought was in December, 1923, he had a conversation with the plaintiff in which the latter stated to him that he had been forced to use some money which he had collected as rent in a real estate speculation: He asked him if he would let it go until the next meeting of a Building and Loan Association in which he had money, to which the witness replied that he would wait until he had got the money of the Building Association. This statement the plaintiff denied. He said that he had money at all times to meet all the requisitions of his employment and he testified to the amount of his deposits in several banks with which he was doing business. Complaint was made in the argument that the money was deposited in his own name, but the terms of the leases and the manner in which the business was done tended strongly to show that this was in accordance with the understanding of the parties. His checks were drawn against his account and delivered to the defendant without objection, and so far as is disclosed in the case, no request or suggestion was made that the account should be otherwise kept. No evidence was offered that the defendant was not responsible financially and the evidence is not contradicted that all of the rent was paid except $108, the last collection made by the plaintiff, which he seeks

to apply on the claim for which this action was brought. The evidence in regard to negligence in remitting collections relates largely to rent collected in the preceding year when the plaintiff was also agent for the defendant. A letter was offered in evidence written by the defendant to the plaintiff, dated December 5, 1922, calling attention to the fact that the remittances were received about two months after they were due, and requesting him to make payment within the month. As the rents were payable at different times, not all at the first of the month, and tardiness on the part of the tenants was shown to have existed in the cases of some of them, it was obviously not intended that a remittance should be made for each collection. The letter of the defendant above referred to makes it clear that monthly returns were expected. It will be observed that the leases recited in the statement of claim were all made and approved as to terms by the defendant after the letter referred to. The plaintiff proceeded with the approbation of the defendant to secure tenants for the various premises for the terms stated in the respective leases. It is not an unreasonable inference that the conduct of the plaintiff had been fairly satisfactory, and the defendant reaped the benefit of his services in securing tenants for all the premises at satisfactory rates of rent. The evidence shows there was no ground for complaint of any tardiness at the time the plaintiff was discharged, nor for a number of months prior thereto. The evidence suggests the inquiry referred to by the court in that part of the charge set forth in the first assignment of error whether the defendant was moved to cancelling the agency of the plaintiff because of unfaithfulness or because of a desire to take over the business of making the collections without the intervention of an agent. It undertook for some months to make its own collections, and having sustained a loss in so doing, returned to the agency method. We

do not regard the inquiry suggested as unwarranted under the evidence, and in view of the positive denial of the plaintiff on the defense made, it did the defendant no harm. The trial judge gave a careful review of the case in the opinion on a motion for judgment non obstante veredicto which justifies the action of the court and contains convincing reasons for the decision rendered. We do not find reversible error in the record.

The assignments are overruled and the judgment affirmed.